UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

**DAVID KATZMAN, et al.,**

                       **Petitioners,**

          -against-                    **1:24-mc-00570 (ALC)**

**SCOTT+SCOTT ATTORNEYS AT LAW LLP,**         **ORDER**

                       **Respondent.**

------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

      This miscellaneous action was initiated on December 09, 2024, by a motion to quash a subpoena served on Scott+Scott Attorneys at Law LLP ("Scott+Scott" or "Respondent"). ECF No. 3 at 7. The subpoena was obtained by David Katzman, Steven Katzman, Kyle Wailes, Richard Schnall, Susan Greenspon Rammelt, and Camelot Venture Group ("Petitioners") and arises out of an underlying bankruptcy proceeding currently pending in the United States Bankruptcy Court for the Southern District of Texas. *Id.* at 1-7; *See In re SmileDirectClub, Inc.*, Chapter 11, Case No. 23-90786 (Bankr. S.D. Texas). The subpoena was issued by that Bankruptcy Court. ECF Nos. 4-2, 4-3, 4-4.

      The Petitioners filed a memorandum of law in opposition to the motion to quash and in support of their own cross motion to transfer and compel on December 16, 2024. ECF No. 9. Scott+Scott filed a notice consenting to the transfer and requesting a stay in this action pending the transfer on December 18, 2024. ECF No. 12.

      Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if

1

the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). With respect to "exceptional circumstances," the Advisory Committee's 2013 Note to Rule 45(f) suggests that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas" and that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment. "Rule 45(f) [is] primarily focused on avoiding piecemeal litigation." *Am. Plan Administrators v. S. Broward Hosp. Dist.*, 39 F.4th 59, 61 (2d Cir. 2022) (holding that an order transferring a motion under Rule 45(f) is not immediately appealable).

Courts in this District regularly "transfer[] similar motions to the issuing court where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency." *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022) (alteration adopted, internal quotation marks and citations omitted); *see, e.g.*, *Smartmatic USA Corp. v. Herring Networks, Inc.*, No. 23 MISC. 454 (KPF), 2023 WL 8258577, at *1 (S.D.N.Y. Nov. 29, 2023) (transferring motion to compel to the District of Columbia); *Honeywell Int'l Inc. v. Mazars USA LLP*, No. 21 Misc. 870 (ER), 2022 WL 94881, at *1 (S.D.N.Y. Jan. 10, 2022) (collecting cases).

Transfer of this action to the United States Bankruptcy Court for the Southern District of Texas is appropriate given these interests. The Court first observes that the parties do not object to

the transfer. ECF Nos. 8, 12. The "consent of the person subject to the subpoena is sufficient to permit transfer to the issuing court." Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment; *see also Abercrombie & Fitch Trading, Co. v. Beauty Encounter, Inc.*, No. 24-MC-00009 (LJL), 2024 WL 308097, at *2 (S.D.N.Y. Jan. 26, 2024).

The Court also observes the extensive record in this case involving the bankruptcy proceeding and ongoing securities litigation in state and federal court, which began in 2019. *See* ECF No. 3 at 1-2; *In re: SmileDirectClub, Inc. Securities Litigation*, Case No. 19-1169-IV, (Tenn. Chancery Ct., Davidson Cnty.); *Franchi v. SmileDirectClub, Inc.*, No. 3:19-cv-00962 (M.D. Tenn.). Accordingly, the Court concludes that the issuing court, the United States Bankruptcy Court for the Southern District of Texas, is in a better position to ensure any ruling is consistent with the underlying litigation. *See Google LLC v. Fortress Inv. Grp. LLC*, No. 20 Misc. 132 (KPF), 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020) (observing that "consistency in rulings and another judge's prior involvement in the underlying action [are] reasons for transferring [the] case" (citing *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 45-47 (D.D.C. 2014))).

For the foregoing reasons, the Clerk of Court is respectfully directed to **TRANSFER** this case to the United States Bankruptcy Court for the Southern District of Texas today, to terminate all pending motions, and to stay this case. The parties are **ORDERED** to file a joint status report on or before January 15, 2025.

**SO ORDERED.**

**Dated:   December 20, 2024**
          New York, New York

ANDREW L. CARTER, JR.
United States District Judge